Melvin Leroy TYLER, Plaintiff,

v.

CIRCUIT ATTORNEY, CIRCUIT COURT FOR the CITY OF ST. LOUIS, Individually, and Officer Egbert, Defendants.

No. 77–243C(1).

United States District Court,
E. D. Missouri, E. D.

July 27, 1977.

Melvin Leroy Tyler pro se.

John F. Gillespie, Asst. Circuit Atty., Peter B. Hoffman, Kortenhof & Ely, St. Louis, Mo., James C. Butcher, Butcher, Marshall & Cline, Columbia, Mo., for defendants.

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on the motions of defendant Chris Egbert, a Columbia, Missouri, police officer, to dismiss, for a more definite statement, and in opposition to the filing of the complaint in forma pauperis; on the motions of defendant George Peach, Circuit Attorney, Circuit Court for the City of St. Louis, Missouri, to dismiss and to reject plaintiff's request to proceed in forma pauperis; and on plaintiff's motion to strike defendant Egbert's motion to dismiss, request for appointment of legal counsel, for leave to amend the complaint, and for leave to add additional parties.

Plaintiff has brought this action in ten counts against Peach and Egbert, pursuant to 42 U.S.C. § 1983, et seq., alleging violations of the rights guaranteed him by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Plaintiff seeks injunctive relief and money damages for the defendants' alleged infringements of his civil rights, which, plaintiff claims, occurred as a result of the defendants' alleged intimidation of persons whom plaintiff anticipates will testify on his behalf in a pending state criminal proceeding.

Plaintiff was indicted on February 1, 1977, in the Circuit Court of St. Louis, cause

No. 77–232, on two counts of robbery and two counts of assault. Plaintiff alleges that, subsequent to this indictment, Egbert intimidated four persons whom plaintiff contends may testify on his behalf, by allegedly harassing them, and threatening them with prosecutions and parole violations. Plaintiff alleges that these actions took place in Kansas City, Missouri, and throughout the state, that Egbert had the aid of others unknown, and that Egbert was at all times acting on Peach's behalf. Plaintiff alleges that at no time was he given notice that his witnesses were to be interviewed, and that all the acts of defendants were committed individually and collectively, and under color of state law.

 Plaintiff's allegations that his right to a fair trial has been adversely affected are purely speculative. Since the plaintiff has not yet been tried, the fairness of his trial cannot be evaluated, nor can plaintiff claim that he was damaged by the unfairness of a trial which has not occurred. *Martin v. Merola*, 532 F.2d 191 (2d Cir. 1976).

■ It is a settled principle of comity that state courts should be allowed to exercise their functions without being hampered by federal intervention, particularly in instances where a criminal proceeding against the plaintiff is set in motion prior to his filing a civil rights claim in federal court. *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). It is clear that this principle should be followed absent a showing of exceptional circumstances which may necessitate intervention. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). No such exceptional circumstances exist herein, therefore, this Court should not intervene.

Moreover,

"[C]ourts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43–44, 91 S.Ct. at 750.

Here, plaintiff has an adequate remedy at law, does not allege that he will be irreparably injured if this Court does not act, and may raise the issue of defendants' conduct in the state criminal proceedings.

Whether the action is for damages or injunctive relief is not determinative of whether or not this Court should intervene in the state court proceedings. *Martin v. Merola*, supra. Furthermore, the fact that plaintiff does not seek to enjoin the state criminal proceedings entirely, as was the case in *Younger*, is not decisive, as the effect of an award of damages or a federal injunction, as prayed for here, would be to disrupt the contemporaneous state criminal proceedings.

Accordingly, defendants' motions to dismiss will be granted, and the remaining motions are, therefore, rendered moot.